10-2533-ag
Li v. Holder

BIA
Hom, IJ
A088 524 507

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 3rd day of July, two thousand twelve.

PRESENT:
> JON O. NEWMAN,
> JOSÉ A. CABRANES
> CHESTER J. STRAUB,
>     *Circuit Judges.*

_____

HONG YAN LI,
>     *Petitioner,*

v.                                        10-2533-ag
                                          NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>     *Respondent.*

_____

FOR PETITIONER:          Matthew J. Harris, Long Island City, NY.

FOR RESPONDENT:          Tony West, Assistant Attorney General; Jamie M. Dowd, Senior

**Litigation Counsel; Bernard A. Joseph, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioner, Hong Yan Li, a native and citizen of China, seeks review of a May 28, 2010, decision of the BIA affirming the April 8, 2008, decision of Immigration Judge ("IJ") Sandy Hom denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Hong Yan Li*, No. A088 524 507 (B.I.A. May 28, 2010), *aff'g* No. A088 524 507 (Immig. Ct. N.Y. City April 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have reviewed the IJ's decision minus the arguments for denying relief that were rejected by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well-established. *See*

2

8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Because Li does not challenge the agency's pretermission of asylum or denial of CAT relief, we have only considered the agency's denial of her application for withholding of removal.

**I. Nexus**

The agency erred by failing to properly consider whether the harm Li suffered after providing assistance to North Korean refugees was on account of her political opinion or imputed political opinion. In *Jin Jin Long v. Holder*, 620 F.3d 162 (2d Cir. 2010), we remanded a petition (Dkt. No. 09-3472-ag) to the BIA for further consideration of the petitioner's claim that he was persecuted on account of his political opinion when he was arrested, detained, and beaten for providing assistance to North Korean refugees who had illegally entered China. In doing so, we noted that, in addition to the petitioner's prolonged detention and physical abuse, he was never formally charged with a crime or brought before a judge. *Jin Jin Long*, 620 F.3d at 167. We further noted that although the petitioner's motivation in providing the assistance was "humanitarian" and "charitable," rather than overtly political, "a government might construe violation of a law as opposition or

3

resistance to the law's underlying policy, and punish it accordingly." *Id.* We therefore remanded to the BIA to consider "whether there is a law barring assistance to North Koreans, and (whether there is or not) in what circumstances persecution of those who assist North Korean refugees would constitute persecution on account of a protected ground." *Id.* at 168.

We find that remand is warranted for similar reasons in the present case. Here, although Li testified that her conduct was humanitarian, the Chinese government "might construe violation of a law as opposition or resistance to the law's underlying policy, and punish it accordingly." *Jin Jin Long*, 620 F.3d at 162. Furthermore, the agency "failed to consider a number of facts that may support an inference that [Li's] arrest and detention were pretextual," including Li's testimony, assumed to be credible by the BIA, "that the refugee-smuggling allegations underlying [her] arrest were fabrications," and that she "was never formally charged or brought before a judge." *Jin Jin Long*, 620 F.3d at 167. The U.S. State Department profile also states "that the North Korean refugee issue is politically charged" and that the Chinese government arrested and detained Chinese citizens who assisted North Korean refugees. *Jin Jin Long*,

4

620 F.3d at 167.  Accordingly, remand is required here for the BIA to consider "whether there is a law barring assistance to North Koreans, and (whether there is or not) in what circumstances persecution of those who assist North Korean refugees would constitute persecution on account of a protected ground."  *Id.* at 168.

We note that, in *Jin Jin Long*, we denied the consolidated petition for review (Dkt. No. 09-3694-ag), finding that: (1) the petitioner failed to exhaust, and forfeited before this Court, any argument that the Chinese government imputed a political opinion to him; (2) he did not have any encounter with the Chinese authorities; and (3) he was acting out of "family loyalty" by offering aid to his North Korean uncle, aunt, and cousins.  620 F.3d at 168.  However, we find Li's case distinguishable because, although Li and her family provided assistance to her cousin as well as other North Korean refugees, she: (1) claimed that she was persecuted on account of her political and imputed political beliefs; (2) testified that she knew her conduct was illegal before she assisted the refugees; (3) provided assistance to one relative and five non-relatives; and (4) repeatedly indicated a desire to help North Korean refugees generally.  *Cf. Jin Jin Long*, 620 F.3d at 168.

Earlier this year we remanded a similar petition to the BIA in *Xiong Jin v. Holder*, No. 10-3543 (2d Cir. Jan. 3, 2012). As more fully explained in the summary order in that case, remand is required in this case for similar reasons.

**II. Past Persecution**

The agency also erred by failing to consider the context in which Li was physically mistreated in finding that she did not establish past persecution. Persecution includes physical harm that threatens the victim's "life or freedom," but non-life-threatening violence and physical abuse may constitute persecution as well. *Tian-Yong Chen v. INS*, 359 F.3d 121, 127 (2d Cir. 2004). This Court has cautioned the BIA to be "keenly sensitive" to the fact that a "minor beating, or for that matter, any physical degradation designed to cause pain, humiliation, or other suffering, may rise to the level of persecution if it occurred in the context of an arrest or detention on the basis of a protected ground." *Beskovic v. Gonzales*, 467 F.3d 223, 226 (2d Cir. 2006). Li testified that she was arrested and held in detention for ten days, interrogated by two police officers regarding why she was providing assistance to North Korean refugees, slapped hard twice by the officers, and punched in the chest with a closed fist in a

6

very heavy manner that caused her to fall to the ground and injure her arm.

It appears that the IJ and BIA failed to adequately consider the context, *i.e.*, Li's 10-day detention, of the harm she suffered in determining that she failed to establish past persecution.  *See Beskovic*, 467 F.3d at 226. Moreover, although the BIA referenced Li's detention in citing a case involving minor beatings and detentions, Li was detained for 10 days, not 2-3 as in the case the BIA relied on.  In addition, because the agency may have erred in its nexus finding, both the IJ and BIA may also have erred in concluding that the harm Li suffered did not rise to the level of persecution because she "was arrested for a valid prosecutory reason."  *See Beskovic*, 467 F.3d at 226-27 (holding that "the fact that the conduct underlying an arrest violated a generally applicable law does not automatically preclude finding that the circumstances of the arrest combined with physical mistreatment or degradation constitute past persecution" and providing that "[w]ether the conduct for which a petitioner is arrested implicates a petitioner's race, religion, nationality, social group membership, or political opinion is critical").

7

Accordingly, remand is appropriate to allow the agency to determine whether Li suffered past persecution on account of a protected ground and in turn whether she was entitled to a presumption that she faced a future threat to her life or freedom. *See* 8 C.F.R. § 1208.16(b)(1); *see also Jin Jin Long*, 620 F.3d at 167–68.

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED for further proceedings consistent with this order. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk